# In the United States Court of Federal Claims

No. 14-1225C
(Re-Issued with Keywords: April 17, 2015)[1]

|  |  |
|---|---|
| PROGRESSIVE INDUSTRIES, INC., ) | Responsive Pleading Requirements |
| ) | for Intervenor in Bid Protest |
| Plaintiff, ) | Context; Timeliness and Sufficiency |
| ) | of Intervenor Pleading; Notice and |
| v. ) | Pleading Requirements for Motion |
| ) | to Intervene under RCFC 24(c); |
| THE UNITED STATES, ) | Entitlement to Intervention as of |
| ) | Right under RCFC 24(a). |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| IRISH OXYGEN CO., ) | |
| ) | |
| Defendant-Intervenor. ) | |

## ORDER GRANTING MOTION TO INTERVENE

On February 20, 2015, Irish Oxygen Company (Irish Oxygen) filed a Notice of Motion and Motion to Intervene (motion, motion to intervene, or Mot. to Intervene), ECF No. 26, Memorandum of Law in Support (Mem.), ECF No. 26-1, and Affidavit in Support, ECF No. 26-2, seeking intervention as of right under Rule 24(a)(2) of the Rules of the Court of Federal Claims (RCFC), or alternatively, a permissive intervention under RCFC 24(b)(1)(B).

Finding Irish Oxygen to be entitled to intervene as a matter of right, the court granted its motion on February 27, 2015.  ECF No. 30.  Shortly thereafter, on March 2, 2015, plaintiff filed an Opposition to Irish Oxygen's Motion to Intervene and Motion for Reconsideration of This Court's Order Granting Intervention and Access to an Unredacted Administrative Record (plaintiff's response or Pl.'s Resp.), ECF No. 33.

---

[1] This order was originally filed on April 13, 2015.  ECF No. 45.  It is now re-issued to include keywords for administrative purposes only.

In order to consider the arguments raised by plaintiff in its opposition, the court struck, by order dated March 3, 2015, its earlier order granting intervention to Irish Oxygen, and took Irish Oxygen's motion and plaintiff's response thereto under advisement for a ruling.[2]  ECF No. 34.

Further to the court's March 3, 2015 order, the court has considered the arguments raised by plaintiff in its opposition to Irish Oxygen's motion.  For the reasons discussed more fully below, the court finds that Irish Oxygen is entitled to intervention as a matter of right and **GRANTS** the motion.

I.      Background

Plaintiff filed a post-award bid protest in this court on December 22, 2014.  See Compl., Dec. 22, 2014, ECF No. 1.  An initial telephonic status conference was conducted on December 23, 2014, pursuant to which the parties' proposed briefing schedule was adopted, including a tentative date and time for oral argument.  See Order, Dec. 23, 2014, ECF No. 8.  Defendant was directed to file, on or before January 9, 2015, both the administrative record and a status report "to apprise the court of any updates regarding:  (1) defendant intervenors, if any; and (2) the agency's treatment of certain, lapsed contracts pending resolution of this case."  Id. at 2 (footnote omitted).

On January 9, 2015, defendant timely filed the status report.  See Def.'s Status Report, ECF No. 10.  In its report, defendant's counsel stated that she had contacted both awardees with respect to their intentions to intervene in this matter, to which both awardees responded that they were "uncertain."  Id. at 1.  Defendant's counsel also did the following:  (1) conveyed that the agency would "pursue sole-source procurements to the incumbent distributors of medical gases during the pendency of this bid protest;" (2) identified the Veterans Integrated Service Networks (VISNs) that had not yet transitioned to the awardees; and (3) indicated the number of contracts for which plaintiff was the incumbent contractor within those VISNs.  Id. at 1–2.

On that same day, defendant timely filed the administrative record, ECF No. 12, for which plaintiff filed its first motion to supplement on January 21, 2015, ECF No. 16.  Pursuant to the court's order dated January 23, 2015, ECF No. 17, defendant filed an expedited response to plaintiff's motion on January 30, 2015, setting forth its objections

---

[2]      In that same order, the court also directed the Clerk's Office to:  (1) lift the seal on plaintiff's response brief, as it did not contain "competition-sensitive or otherwise protectable" information; (2) strike Irish Oxygen as defendant-intervenor from the case caption; (3) remove the access granted to counsel for Irish Oxygen; and (4) strike the Application for Access to Protected Material filed by counsel for Irish Oxygen on March 3, 2015, ECF No. 32.  Order, Mar. 3, 3015, ECF No. 34, at 1–2.

to the deposition testimony and certain of the documents sought by plaintiff to be included in the administrative record, through supplementation, ECF No. 18. Concurrently, defendant produced documents which inadvertently had been omitted and sought to add them to the administrative record. See ECF Nos. 19–19-1; see also Order, Feb. 4, 2015, ECF No. 21 (granting defendant's unopposed request to file the first amended administrative record).

On February 4, 2015, the parties filed a joint status report, in which they reported that the briefing schedule adopted during the initial status conference would be impacted by plaintiff's objections to, and defendant's amendment of, the administrative record. See Joint Status Report, ECF No. 20. The parties agreed to enlarge the briefing schedule in order to provide plaintiff with additional time to review the amended administrative record and to evaluate whether it would press further to supplement the record with deposition testimony. See id. at ¶ 4–6.

In response to the parties' requests, the court stayed both the original briefing deadlines established for the parties' cross-motions for judgment on the administrative record and the scheduled oral argument date, pending resolution of plaintiff's various objections to the administrative record. See Order, Feb. 4, 2015, ECF No. 21, at 2. The court explained that the parties' briefing schedule would be revisited after the court's ruling on plaintiff's motion to supplement the record. Id.

On February 17, 2015, plaintiff filed a motion to withdraw its request for deposition testimony, seeking instead to supplement the administrative record with "core documents" under paragraph 22 of Appendix C of the RCFC. ECF No. 23. Plaintiff's objections to the administrative record, as detailed in its second motion to supplement, prompted extensive briefing by the parties, see ECF Nos. 27, 35, 39, as well as multiple orders by the court, see ECF Nos. 29, 37, 40, 43.

By order dated April 8, 2015, the court resolved the parties' disputes concerning completion of the administrative record. See ECF No. 43. Finding the administrative record to be complete, the court denied plaintiff's request for "core documents." See id. at 10. The court also set forth a new briefing schedule for the parties' cross-motions for judgment on the administrative record based on the timeframes proposed by the parties in their earlier-filed joint status report. See id. at 10–11.

The court turns now to consider the pending motion for intervention.

II.   Legal Standards

The "requirements for intervention are to be construed in favor of intervention." CHE Consulting, Inc. v. United States, 71 Fed. Cl. 634, 635 (2006) (quoting Cherokee Nation of Okla. v. United States, 69 Fed. Cl. 148, 152 (2005)).

These requirements are found in Rule 24 of the RCFC.  Intervention may be allowed either:  (1) as a matter of right under RCFC 24(a); or (2) permissively under RCFC 24(b).

The requirements for an intervention of right are as follows:

On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

R. Ct. Fed. Cl. 24(a).

The requirements for permissive intervention differ:

On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

R. Ct. Fed. Cl. 24(b).

Regardless of whether intervention is sought of right or permissively, the application to intervene must be "timely."  See Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States (Chippewa Cree), 85 Fed. Cl. 646, 658 (2009).  "Timeliness must be considered in the context of the proceedings." Northeast Military Sales, Inc. v. United States (Northeast Military Sales), 100 Fed. Cl. 100, 102 (2011).  "Timeliness 'is to be determined by the court in the exercise of its sound discretion' and it is 'to be determined from all the circumstances." Id. at 101 (quoting NAACP v. New York, 413 U.S. 345, 366 (1973)).

The determination of whether a motion to intervene is timely is informed by the following three factors:  (1) the length of time during which the applicants actually knew or reasonably should have known of their rights; (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the applicants by denying intervention; and (3) the existence of unusual circumstances militating either for or against a determination that the application is timely.  Id. (citing Chippewa Cree, 85 Fed. Cl. at 658).

4

III.   Discussion

Irish Oxygen seeks intervention of right under RCFC 24(a)(2), or alternatively, a permissive intervention under RCFC 24(b)(1)(B).  See Mot. to Intervene ¶¶ 1–7.  Irish Oxygen asserts that "[a]s one of the successful bidders who stands to lose or be forced to rebid the contract if the [g]overnment's decision is overturned, [it] has a direct and immediate interest in the outcome of this matter."  Mem. at 4.

Plaintiff argues that Irish Oxygen's motion to intervene should be denied because: (A) the motion is untimely pursuant to RCFC 24(a) and RCFC 24(b); (B) intervention would unduly delay this matter and prejudice plaintiff under RCFC 24(b); and (C) the motion fails to satisfy the notice and pleading requirements set forth in RCFC 24(c). Pl.'s Resp. 2.

Apart from its contention that Irish Oxygen's motion to intervene is untimely, plaintiff does not appear to dispute any of the other requirements governing intervention of right pursuant to RCFC 24(a), specifically that:  (1) Irish Oxygen has an interest in the transaction at issue; (2) disposal of this action may impair or impede Irish Oxygen's interests; and (3) defendant may not adequately represent Irish Oxygen's interest.  See Pl.'s Resp. 2; see also Mem. 4–5 (explaining how Irish Oxygen satisfies the prongs for intervention of right, including timeliness).  Thus, the court turns now to consider the disputed issue of timeliness.

A.   Irish Oxygen's Motion to Intervene is Timely

Based on consideration of the three "timeliness" factors, the court finds Irish Oxygen's motion to intervene to be timely.

1.   Irish Oxygen "Knew or Reasonably Should Have Known" of the Challenged Procurement for Approximately Two Months before It Sought to Intervene

As to the first factor, the parties do not dispute, and the court agrees, that Irish Oxygen "knew or reasonably should have known" about this action for approximately two months before moving to intervene.  See Mem. 4 ("This matter was just commenced on December 22, 2014, less than two months [before the filing of Irish Oxygen's motion to intervene on February 20, 2015]"); see also Pl.'s Resp. 4 ("Irish Oxygen knew about this case for two months before it moved to intervene.").  But this factor alone is not dispositive.

2.      Denial of the Sought Intervention Would Prejudice Irish Oxygen

With respect to the second factor, plaintiff does not dispute that Irish Oxygen would be prejudiced if intervention is denied.  Instead, the parties dispute whether, and the extent to which, plaintiff would suffer prejudice as a result of allowing Irish Oxygen to intervene at this juncture.

Irish Oxygen contends that the prejudice resulting from a denial of intervention weighs in its favor, and asserts that "[g]iven the relatively early stage of this matter, the parties [would] not be prejudiced by Irish Oxygen's intervention."  Mem. 4.

Plaintiff, on the other hand, argues that allowing Irish Oxygen to intervene "would create additional delay that would be prejudicial" to it.  Pl.'s Reply 4.  Plaintiff indicates that further delay in the proceedings would occur because plaintiff would require time to redact confidential pricing information from the administrative record to accommodate the sought intervention.  Id. at 4–5.

The court is not persuaded by plaintiff's arguments about such prejudicial delay.

First, the Protective Order now in place renders any redaction by the parties during the course of the proceedings as unnecessary.  See ECF No. 6-1.  Recognizing that "certain information likely to be disclosed orally or in writing during the course of this litigation may be competition-sensitive or otherwise protectable," the Protective Order mandates that "the parties shall comply with the terms and conditions of [the] Protective Order" to safeguard the confidentiality of any disclosed information.  Id. at 1.  As the opportunity for the parties to propose redactions is presented at the end of the proceedings, plaintiff need not do so at this stage.

Second, as plaintiff points out, the matter of "[t]imeliness must be considered in the context of the proceedings."  Id. at 4 (citing Northeast Military Sales, 100 Fed. Cl. at 102).  In this case, briefing on the parties' cross-motions for judgment on the administrative record has not yet begun, and no date for oral argument has been set.  At the parties' request, see Joint Status Report, Feb. 4, 2015, at ¶ 4, the original briefing deadlines were stayed pending resolution of the parties' disputes with respect to the administrative record, see Order, Feb. 4, 2015, ECF No. 21, at 2.  To date, the efforts of the parties have been dedicated primarily to addressing plaintiff's objections to the administrative record.  Plaintiff's concerns about prejudicial delay in reaching the merits of the protest are unfounded.

Moreover, because Irish Oxygen was awarded "a significant portion of the sealed bid contract at issue" in the challenged procurement, Mot. to Intervene ¶ 2, the court finds that the rights of Irish Oxygen would be prejudiced if intervention is not allowed.  The court further finds that any prejudice to plaintiff, by allowing intervention, is far

6

outweighed by the prejudice to Irish Oxygen if intervention is denied.  See Northeast
Military Sales, 100 Fed. Cl. at 102 (citing Chippewa Cree, 85 Fed. Cl. at 658).

          3.     Unusual Circumstances Militate in Favor of Finding Irish Oxygen's
                 Motion as Timely

     As to the third factor regarding "timeliness," the court is not persuaded by the
arguments set forth by plaintiff in its opposition, which are supported only by plaintiff's
misplaced reliance on Northeast Military Sales, Inc. v. United States (Northeast Military
Sales), 100 Fed. Cl. 100, 102 (2011).  The facts and procedural posture of that case are
entirely distinguishable from this case.

     In Northeast Military Sales, the proposed intervenor admitted its delay in seeking
intervention because the grounds for protest were initially redacted.  See 100 Fed. Cl. at
102.  The proposed intervenor moved to supplement the record less than forty-eight hours
before oral argument "for the limited purpose" of challenging "inaccurate and misleading
allegations of inflated savings made by protester in connection with [plaintiff's] internal
Core Items Price Survey forms."  Id.

     Unlike the proposed intervenor in that case, Irish Oxygen is not seeking to
intervene on the eve of oral argument for the limited purpose of seeking to amend the
administrative record.  Nor would allowing Irish Oxygen to intervene—at this stage of
the proceedings—require a rescheduling of the parties' cross-motions for judgment on
the administrative record, as intervention in Northeast Military Sales would have
necessitated.  See id.  Briefing has not yet begun.  Nor is there a date for oral argument.
The special circumstances that militated against intervention in that case are not present
here.

     Rather, the court finds that the circumstances in this case weigh in favor of
intervention.  In the case at bar, it is plaintiff's requests to supplement, and defendant's
inadvertent omissions from, the administrative record that have prompted delays in the
parties' briefing for judgment on the record.

     Of note, the extent to which Irish Oxygen's interests would be affected by this
proceeding did not become clear until defendant clarified, in its filed status report, how
many contracts would remain with the incumbent contractor, plaintiff in this case, rather
than transition to any awardee—to include Irish Oxygen—until the resolution of the bid
protest.  See Def.'s Status Report 1–2.  To this end and contrary to plaintiff's assertions,
Irish Oxygen is substantially prejudiced by the protracted nature of this litigation, and it
is plaintiff that benefits.

     Based on the foregoing, the court finds that the circumstances in this case counsel
in favor of allowing Irish Oxygen to intervene as a matter of right.

B.      Permissive Intervention Under RCFC 24(b)

Because the court has determined that Irish Oxygen is entitled to intervene as a matter of right pursuant to RCFC 24(a), the court need not address plaintiff's arguments against permissive intervention.  See Pl.'s Resp. 2.

C.      Irish Oxygen's Pleading Is Sufficient

Plaintiff asserts that "it is proper for this [c]ourt to deny Irish Oxygen's [m]otion to [i]ntervene on the basis that Irish Oxygen failed to attach the pleading required by RCFC 24(c)."  Pl.'s Resp. 7.  Plaintiff points to the notice and pleading requirements for a motion to intervene under RCFC 24(c)—in particular, that "[t]he motion [to intervene] must state the grounds for the intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[3]  Id. at 6 (citing RCFC 24(c)) (emphasis in original).  Plaintiff also cites to Aeroplate Corp. v. United States (Aeroplate Corp.), 111 Fed. Cl. 298 (2013), as an example of a case in which the Court of Federal Claims "den[ied] the motion to intervene and not[ed] that the failure to submit the pleading mandated by RCFC 24(c) does not meet the requirements for intervention."  Id.

The requirements governing the time for presenting defenses and objections contained in responsive pleadings are set forth in RCFC 12(a)(1).  That rule provides, inter alia, that:  "The United States must file an answer to a complaint within 60 days after being served with the complaint."  R. Ct. Fed. Cl. 12(a)(1)(A).

But the notice and pleading requirements under RCFC 24(c) to which plaintiff adverts here must be viewed in concert with the requirements for responsive pleadings that are imposed on defendant in the bid protest context.  The rules governing "Motions for Judgment on the Administrative Record" are set forth in RCFC 52.1(c).  Subpart 3 of that provision, which addresses the "Effect of a Motion [for Judgment on the Administrative Record," states that "[u]nless otherwise provided by order of the court, a motion under this rule for judgment on the administrative record obviates the requirements for the filing of an answer under RCFC 12(a)(1)."  R. Ct. Fed. Cl. 52.1(c)(3) (emphasis added).

Thus, while RCFC 24(c) requires "a pleading that sets out the claim or defense for which intervention is sought," the requirements are modified when the parties are proceeding on a motion for judgment on the administrative record.  Specifically, RCFC

---

[3]      RCFC 24(c) sets forth the notice and pleading requirements for a motion to intervene:  "A motion to intervene must be served on the parties as provided in RCFC 5.  The motion must state the grounds for the intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  R. Ct. Fed. Cl. 24(c).

52.1(c)(3) eliminates the need to file an answer under RCFC 12(a)(1).  Thus, defendant in this case has not filed an answer to plaintiff's complaint, and the court declines to impose a greater responsive pleading requirement on Irish Oxygen, the defendant-intervenor, than the rules have imposed on defendant itself.[4]

IV.    Conclusion

The court finds that Irish Oxygen is entitled to intervene as a matter of right and accordingly **GRANTS** its motion to intervene.  Further to the foregoing:

(1)    The case caption shall be modified, as shown above, to recognize the participation of Irish Oxygen in the case;

(2)    Defendant-intervenor's counsel shall be deemed admitted to, and bound by the terms of, the Protective Order filed on December 23, 2014, see ECF No. 6–1; and

(3)    Defendant-intervenor shall be subject to the same briefing deadlines as defendant for the parties' cross-motions for judgment on the administrative record as set forth in the court's order dated April 8, 2015.  See ECF No. 43.  Also, Irish Oxygen may participate in the filing of a **joint status report**, due **on or before 5:00 p.m. EST on Wednesday, April 15, 2015**, to indicate an agreed-upon date and time for the scheduling of oral argument in this matter.  See id. at 11.

IT IS SO ORDERED.

s/ Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Chief Judge

---

[4]     As with plaintiff's earlier reliance on Northeast Military Sales, Inc. v. United States, 100 Fed. Cl. 100 (2011), plaintiff's reliance on Aeroplate Corp. v. United States, 111 Fed. Cl. 298 (2013) is also misplaced.  In Aeroplate Corp., the court denied a motion to intervene filed by a judgment creditor against a construction company in two breach-of-contract suits for reasons that do not apply in this case.  Notably, the court in Aeroplate Corp. found that neither the criteria for an intervention of right under RCFC 24(a), nor for a permissive intervention under RCFC 24(b), were pertinent.  See 111 Fed. Cl. at 299.