# In the United States Court of Federal Claims

No. 14-1225C

(E-Filed March 21, 2017)[1]

|  |  |  |
|---|---|---|
| PROGRESSIVE INDUSTRIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | RCFC 59(e); RCFC 60(b) |
| THE UNITED STATES, | ) ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| IRISH OXYGEN CO., | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

Michelle F. Kantor, Chicago, IL, with whom were Jerome W. Cook, for plaintiff.

Antonia R. Soares, Washington, DC, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

Kevin S. Sandstrom, Stillwater, MN for defendant-intervenor.

---

[1]  This opinion was issued under seal on February 21, 2017. The parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged, on or before March 3, 2017. No redactions were proposed by the parties. Thus, the sealed and public versions of this opinion are identical, except for the publication date and this footnote.

OPINION

CAMPBELL-SMITH, Chief Judge

This case involves a bid protest relating to a contract for the supply of medical gases at facilities maintained by the United States Department of Veterans Affairs (VA). See ECF No. 1 at 2. The court has already ruled on the merits of the dispute. See ECF No. 120. Now before the court is plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e), or alternatively, for relief from final judgment pursuant to Rule 60(b). See ECF No. 137. For the following reasons, plaintiff's motion is denied.

I.    Background

In ruling on the merits of this case, the court held that the VA improperly evaluated bids relating to a contract for the supply of medical cylinder gases to medical facilities, and that plaintiff was prejudiced in the process. See ECF No. 120 at 16.

In accordance with its findings, the court ordered as follows:

> The VA is **ENJOINED** from awarding the contract to RAS Enterprises LLC and Irish Oxygen Company. The VA's decision to award the contract to RAS Enterprises LLC and Irish Oxygen Company is **VACATED**. The Clerk will enter judgment remanding this case to the contracting officer for appropriate action consistent with Opinion and Order.
>
> No costs are awarded to plaintiff.

ECF No. 121 at 2. Judgment was entered pursuant to this order on November 2, 2016, which read in relevant part:

> IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that the VA is enjoined from awarding the contract to RAS Enterprises, LLC and Irish Oxygen Company, and the VA's decision to award the contract to RAS Enterprises, LLC and Irish Oxygen Company is vacated. This case is remanded to the contracting officer for appropriate action consistent with the court's Opinion and Order of October 31, 2016. No costs.

ECF No. 122.

Shortly thereafter, defendant filed a status report in which it explained the critical need to insure consistent service of medical gases. See ECF No. 123 at 1. To that end, it informed the court of its plan to award emergency bridge contracts to RAS Enterprises, LLC (RAS) and Irish Oxygen Company (Irish Oxygen) while it worked to resolicit the contract consistent with the court's opinion. See id. at 2. Defendant sought direction from the court as to whether its planned course of action was in compliance with the court's injunction. See id.

In response, the court entered an order stating, in relevant part:

> Defendant's status report outlines its plan to ensure the continued availability of medical gases to the VA medical centers at issue while simultaneously soliciting emergency bridge contracts and resoliciting the contracts previously held by Irish Oxygen Company and RAS Enterprise LLC.
>
> Defendant states that, due to the critical need to maintain a supply of medical gases to these VA medical centers, the VA requires seven days to terminate the contracts to Irish Oxygen Company and RAS Enterprise LLC. The court does not deem the proposed course of action to be non-compliant.

ECF No. 124.

Plaintiff immediately filed a motion for reconsideration of the court's order approving defendant's stated course of action for awarding emergency bridge contracts and resoliciting the contracts at issue. See ECF No. 125. The court denied plaintiff's motion in large part, granting plaintiff only the limited permission to apply for recovery of bid preparation and proposal costs. See id. at 3. In the order granting relief, the court stated:

> Pursuant to RCFC 60(a), the Clerk of Court is direct to **AMEND** the November 2, 2016 judgment removing the "[n]o costs" language. Plaintiff may make a motion for attorneys' fees and costs according to the deadlines set form in RCFC 54(d)(1)(B)(i) and RCFC 54 (d)(2)(B)(i). The rest of the judgment remains **UNDISTURBED**.

ECF No. 134 at 2. On November 23, 2016, the court's previously entered judgment was amended, only deleting the two words "No costs." See ECF No. 135.

3

Plaintiff now asks the court to alter or amend, or alternatively grant relief from, its decision on the merits of the protest.  See ECF No. 137.

## II. Legal Standards

Plaintiff argues that its motion "should be treated as a Rule 59(e) motion," specifically "Rule 59(e)(3)."  See ECF No. 137 at 3.  The court notes that Rule 59(e)(3) does not exist, but construes this a request to alter or amend the judgment.  In the alternative, plaintiff also cites to Rule 60(b), subsections (1), (5) and (6).

### A. Motion to Alter or Amend the Judgment

Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." RCFC 59(e).  In order to prevail on a timely filed motion, the moving party must "make an evidentiary showing of extraordinary circumstances." Johnson v. United States, 127 Fed. Cl. 661, 663 (2016) (citing Crews v. United States, 424 Fed. Appx. 937, 940 (Fed. Cir. 2011)).  Extraordinary circumstances for purposes of Rule 59(e) include: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010).

### B. Motion for Relief from Final Judgment

Rule 60(b) allows the court to relieve a party from a final judgment on certain grounds, including: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." RCFC 60(b)(1), (5), and (6).

Under Rule 60(b)(6), "there must be a valid reason that justifies affording the relief, usually broadly described as 'extraordinary circumstances.'" Infiniti Info. Sols., LLC v. United States, 93 Fed. Cl. 699, 704 (quoting Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1382 (Fed. Cir. 2002)).  "Such extraordinary circumstances exist if a person can demonstrate that he was not at fault for his predicament." Mendez v. United States, 600 Fed. Appx. 731, 733 (Fed. Cir. 2015); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").

The question of whether the moving party is at fault for his predicament refers to whether the party could have acted to protect its interests before invoking the extraordinary remedy of this "last resort" rule. Infiniti, 93 Fed. Cl. at 704

4

(noting that Rule 60(b)(6) is commonly described as a last resort).  The "predicament," in other words, is the plaintiff's limited legal options.

> In short, a party may not use Rule 60(b)(6) as a "do-over" for failing to meet its "duty to take legal steps to protect his own interests," 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2864 (2d ed.1995).  Likewise, as another court has stated, a litigant cannot use Rule 60(b)(6) to "rescue" himself "from strategic choices that later turn[ ] out to be improvident." Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980).

See id. at 706.

As this court has previously observed, extraordinary circumstances that might justify relief under this rule include: "(1) the conduct of proceedings without the knowledge of the losing party; (2) unusual combinations of health and financial difficulties; or (3) gross negligence or severe misconduct by counsel." Cyios Corp. v. United States, 124 Fed. Cl. 107, 113–14 (2015) (citing Infiniti Info. Sols., LLC v. United States, 93 Fed. Cl. 699, 705 n.11 (2010) (collecting cases)). A court's legal error, however, does not qualify as an extraordinary circumstance. See Brown v. United States, 80 Fed. Appx. 676, 679 (Fed.Cir.2003) ("Even if the court did misconstrue the claims raised by [plaintiff] in his complaint, such a legal error would not constitute . . . extraordinary circumstances . . . ."); see also Reitz v. United States, 37 Fed. Cl. 330, 333 (1997) (citing cases stating that legal error is insufficient to show the extraordinary circumstances contemplated by Rule 60(b)(6)).

III.   Analysis

In its motion, plaintiff asks the court to reconsider its previous opinion and order to "prevent manifest injustice from occurring." See ECF No. 137 at 1. Specifically, plaintiff would like the court to direct the VA to reevaluate the proposals previously deemed to be in the competitive range, and forbid the VA from resoliciting the contract. See id. at 5. As an initial matter, throughout the motion, plaintiff suggests that the court has not provided sufficiently specific instructions to defendant. Quite to the contrary, the court remanded the matter to the contracting officer "for appropriate action consistent with" this court's 37-page opinion. That plaintiff disagrees with the court's directive does not mean it lacks the appropriate specificity.

A.   Rule 59(e)

To the extent that plaintiff makes its motion under Rule 59(e), defendant asserts that it is untimely. See ECF No. 141 at 16. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." RCFC 59(e). The court must determine whether a motion made under Rule 59(e) is timely as a threshold issue because the time for filing such a motion cannot be extended. See RCFC 6(b)(2). See also Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 240, 241 (2000) ("The time limit for filing a Rule 59 motion is strictly construed to promote the finality of judgments.").

In this case, there is both a judgment, which was entered on November 2, 2016, and an amended judgment, which was entered on November 23, 2016. See ECF Nos. 122 and 135. Plaintiff's motion was filed on December 20, 2016—48 days after the initial judgment, and 27 days after it was amended. Thus, the court must determine which judgment document is relevant for calculating the Rule 59(e) deadline.

The parties did not cite, nor did the court find, a case in which the Court of Federal Claims or the Federal Circuit has ruled on these precise circumstances. Persuasive authority, however, does exist in other federal courts. In support of its position that plaintiff's Rule 59(e) motion is untimely, defendant points to Collard v. United States, 10 F.3d 718 (10th Cir. 1993).

In Collard, an initial judgment was entered on January 8, 1992, and an amended judgment "solely to award costs" was entered on January 14, 1992. See id. at 719. The plaintiff filed a Rule 59 motion for a new trial on January 24, 1992. Id. At the time, Rule 59 permitted only 10 days, rather than the current version which permits 28 days, for filing a motion. Thus, just as with plaintiff's motion now before the court, the plaintiff's motion in Collard was untimely as to the initial judgment, but timely relative to the amended judgment. See id. The trial court denied the Rule 59 motion, and plaintiff appealed. See id.

The immediate issue before the court in Collard was whether plaintiff's appeal was timely. See id. Making that determination, however, required the court to consider whether plaintiff's Rule 59 motion was timely in the lower court, such that the time for appeal was tolled. The court found that the Rule 59 motions were not timely, and consequently, neither was the appeal. See id. at 719-20. Specifically relevant to the case at bar is the holding that: "A trial court may not extend, sua sponte or otherwise, the time for a party to file a Rule 59(e) motion when it enters an amended judgment solely to award costs." See id. at 719.

In reaching this conclusion, the court reasoned that the initial judgment was a final judgment for purposes of Rule 59 because it "ended the litigation on the merits." See id. It also noted that the United States Supreme Court has held that

6

"a request for costs raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule 59(e) was not intended to apply." Id. (quoting Buchanan v. Stanships, Inc., 485 U.S. 265, 268-69 (1988)).

A number of cases have favorably cited the Tenth Circuit's conclusion in Collard. See e.g., United States for Use & Benefit of Familian Nw., Inc. v. RG & B Contractors, Inc., 21 F.3d 952, 955 (9th Cir. 1994) (affirming the district court's conclusion that Rule 59(e) motion was untimely when the deadline was calculated from the date of the most recent judgment, which awarded fees and costs, rather than from the date of the earlier judgment on which the court resolved the merits of the case); Anderson v. Van Pelt, No. 09-CV-00704-CMA-KMT, 2012 WL 5509031, at *1 (D. Colo. Nov. 13, 2012) ("When, as here, a court amends a judgment merely to include an award of costs, the time for filing a new trial motion under Rule 59 is not extended or tolled."); Toytrackerz, LLC v. Am. Plastic Equip., Inc., No. 06-2042-DJW, 2007 WL 963173, at *2 (D. Kan. Mar. 29, 2007) (noting that "amending the judgment for the sole reason of including fees and costs does not extend the time for a party to file a motion to alter judgment, a motion to amend judgment or an appeal").

In response, plaintiff cites to three cases, none of which are directly on point. First, it points to the holding in Munden v. Ultra-Alaska Associates, 849 F.2d 383 (9th Cir. 1988), in which the United States Court of Appeals for the Ninth Circuit stated that "[a]n amended judgment supersedes the original judgment." Id. at 386. Plaintiff fails to include in its argument, however, that in amending its judgment, the trial court in Munden made substantive changes relating to the merits of the case—"the court modified its damages calculation, incorporated new conclusions, and amended its findings. Id. at 385.

Plaintiff then cites Memphis v. Brown, 94 U.S. 715 (1877), for the proposition that:

> The materiality of the changes contained in the Amended Judgment has no bearing upon the question of computing the time available to submit a Motion for Reconsideration, since the Original Judgment was rendered null and void, and could neither be appealed from nor reconsidered after the entry of the Amended Judgment.

ECF No. 137 at 4. Memphis, however, did not involve a motion to amend the judgment, and again, discussed a second judgment that was apparently materially different from the first. 94 U.S. at 716 ("The city was then for the first time required, in express terms, to subject this particular class of property to the adjudged taxation.").

7

Finally, the facts in New York Life Ins. Co. v. Deshotel, 946 F. Supp. 454 (E.D. La. 1996), do not support plaintiff's position.  In New York Life, the court entered an initial judgment, and several weeks later realized that it had failed to include a permanent injunction against defendants.  Id. at 457-58.  The court corrected its error sua sponte, and entered an amended judgment that did include a permanent injunction.  Id. at 458.  Thereafter, the plaintiff moved for reconsideration of the amended judgment, asking the court to amend the terms of the injunction that did not appear in the initial judgment.  Id.  The court held that "it would simply make no sense to start counting the ten-day period from the May 21, 1996 date when the language at issue did not even appear in the Court's judgment until the Court amended it on June 25."  Id. at 459.  Because the portion of the judgment to which plaintiff now objects not only appeared in the initial judgment, but was explicitly undisturbed by the amended judgment, this case is inapposite.

Both the persuasive value of the available authority, and the logic of defendant's position convince the court that defendant has the better argument here.  Because the merits were settled by the initial judgment, and explicitly undisturbed by the amended judgment, and because the amended judgment related only to the collateral issue of costs, the court concludes that plaintiff's time to file a motion for reconsideration began when the initial judgment was entered, on November 2, 2016.  As such, its filing on December 20, 2016, was untimely with regard to any relief that may have been available under Rule 59(e).

B.      Rule 60(b)

Plaintiff cites to three subsections of Rule 60(b) in its initial motion—subsections (1), (5), and (6)—as bases for its motion for relief from the judgment.  See ECF No. 137 at 3.  Despite this citation, however, plaintiff makes no discernable argument under subsections (1) or (5), and thus has failed to demonstrate grounds justifying relief pursuant to those provisions.  The court's analysis, therefore, will focus on whether plaintiff has satisfied its burden under Rule 60(b)(6), the catch-all provision giving the court authority to relieve a party of a judgment for "any other reason that justifies relief."

As discussed above, in order to justify relief under Rule 60(b)(6), the moving party must demonstrate extraordinary circumstances.  Although the specific circumstances supporting relief may take a variety of forms, the moving party generally must show that it is "not at fault for [its] predicament." Mendez v. United States, 600 Fed. Appx. 731, 733 (Fed. Cir. 2015).  See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay.").

To correctly frame this issue, the court notes that the moving party's "predicament" is not the unwanted legal result in the court's judgment, but rather, the limited legal options left for challenging it. Plaintiff appears to fundamentally misunderstand this. In its reply brief, plaintiff argues:

> Progressive took all available steps to protect its interests by pursuing the instant protest; it could not have anticipated either the breadth of discretion the Court would grant the contracting officer or that the VA would interpret it to permit re-solicitation of the contracts at issue. Therefore, despite the accusations of the VA, Progressive is in fact completely faultless and deserving of relief under Rule 60(b)(6).

ECF No. 147 at 18.

Plaintiff made this motion in an effort to prevent the VA from resoliciting the contract, which is the VA's stated intention. See ECF No. 137 at 3-4. Plaintiff argues that if the VA acts in accordance with applicable law, as recently interpreted by the United States Supreme Court in Kingdomware Technologies, Inc. v. United States, 136 S. Ct. 1969 (2016), plaintiff would essentially be "shut out of the competitive process." ECF No. 137 at 13.

Setting aside whether plaintiff could avoid the operation of Supreme Court precedent by the means suggested, the fact is that plaintiff's objection to the court's judgment centers around the import of a case that was decided nearly five months before the initial judgment was entered here. The Supreme Court rendered its decision in Kingdomware on June 16, 2016, and the initial judgment in this case was entered November 2, 2016. Plaintiff has offered no reason that it was prevented from calling the court's attention to this issue before the judgment was entered, or by way of a timely Rule 59 motion. Indeed, plaintiff actually did file a timely motion for reconsideration, in which it chose not to address the issues raised in the instant motion. See ECF No. 125. Because plaintiff failed to take either of these appropriate procedural steps, it is not "completely faultless," and cannot now be heard to complain about the implications of the ruling.

The court finds that these circumstances do not warrant the extraordinary relief allowed under Rule 60(b)(6).

IV. Conclusion

Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e), or alternatively, for relief from final judgment pursuant to Rule 60(b), <u>see</u> ECF No. 137, is **DENIED.**

IT IS SO ORDERED.

<u>s/ Patricia E. Campbell-Smith</u>
PATRICIA E. CAMPBELL-SMITH
Judge
